UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 25-CV-80042-ROSENBERG**

VELLAR HOLDINGS LLC,

    Plaintiff,

v.

USMPO LLC; and SEGAH YILDIRIM,

    Defendants.

_____/

**ORDER DENYING DEFENDANTS' RENEWED MOTION TO QUASH SERVICE,
DENYING DEFENDANT'S MOTION FOR JUDICIAL NOTICE, DENYING
DEFENDANT'S MOTION TO DISMISS,
AND DENYING PLAINTIFF'S MOTIONF FOR DEFAULT JUDGMENT**

This cause is before the Court on Defendant Segah Yildrim's Renewed Motion to Quash Service of Process [DE 16] (the "Renewed Motion"), Motion for Judicial Notice [DE 23] and his Motion to Dismiss [DE 24]. Also before the Court is Plaintiff Vellar Holdings LLC's Motion for Default Judgment against Defendant USMPO LLC [DE 22]. The Court has reviewed the motions, the relevant oppositions, and the full record. For the reasons discussed below, Defendant Yildrim's Renewed Motion to Quash Service of Process is **DENIED**, his Motion for Judicial Notice is **DENIED**, his Motion to Dismiss is **DENIED**, and Plaintiff's Motion for Default Judgment is **DENIED**.

## I.  BACKGROUND

On January 10, 2025, Plaintiff filed a Complaint against Defendants Yildrim and USMPO, LLC. DE 1. The Complaint alleges trademark infringement as well as violations of state and federal unfair competition laws. *Id.* Plaintiff conducted a Lexis Nexis Public Record search to find a service address for the Defendants and identified 200 Biscayne Boulevard Way, Apt 3814,

Miami Florida, 33131 (the "Service Address"). DE 15, 1.  Then, through a process server—Mr. Miller—Plaintiff attempted to serve a copy of the Summons and Complaint on Defendant Yildrim on January 29, 2025, at the Service Address. DE 12.

The Affidavit of Service alleges that service was made as follows.  When Mr. Miller arrived at the Service Address, he encountered a woman. *Id.* at 1.  He states that he saw a man matching the description of Defendant Yildrim behind her. *Id.*  Mr. Miller, after identifying himself, asked if Defendant Yildrim was in the apartment to which the woman responded that he was in Mexico. *Id.*  Mr. Miller asked her who the man in the background was and the woman responded, "[N]o one, he's in Mexico." *Id.* at 2.  He then dropped the Summons and Complaint past the door entrance and notified the woman that he believed the man in the background was Defendant Yildrim. *Id.* After the woman protested further, he stated that he completed service. *Id.*  On January 30, 2025, Plaintiff returned a summons executed by Mr. Miller.  DE 12.

In response, on February 19, 2025, Defendant Yildrim filed a Motion to Quash Service of Process on behalf of himself and Defendant USMPO. DE 13.  However, Defendant Yildrim failed to comply with the Local Rules and the Federal Rules of Civil Procedure. DE 15, 2.  The motion was also deficient in that it lacked sufficiently authenticated evidence or support from an affidavit. *Id.*  Accordingly, the Court denied his motion without prejudice. *Id.* at 3.  The Court denied Defendant USMPO's motion to quash service as it was filed by Defendant Yildrim who was proceeding *pro se*. *Id.* at 1 n.1 ("However, a limited liability company cannot appear *pro se* or through tis officers in federal court . . . . Thus, insofar as the Motion seeks to quash service on USMPO, LLC, the Court **DENIES** it without prejudice as such a motion must be made through counsel.") (citation modified).

Now, Defendant Yildrim renews his motion. DE 16.  He alleges that he was not present at the Service Address when Mr. Miller served the documents. *Id.* at 1.  Instead, he states that he was

in Tulum, Mexico, "where he resides temporarily" because he "does not maintain a permanent residence and primarily resides internationally, utilizing temporary accommodations." *Id.* Attached to the Renewed Motion is Defendant Yildrim's declaration, DE 16 Ex. 1, (a) a copy of his passport with a Mexican Visa stamp indicating that he entered Mexico on November 29, 2024, *id.* Ex. A, (b) an image of Defendant Yildrim with geolocation data indicating it was taken in Tulum, Mexico, and a timestamp of January 29, 2025, *id.* Ex. B, (c) an image of Defendant Yildrim's location on a map, indicating he was in Tulum, Mexico, *id.* Ex. C, and (d) a bank statement showing purchases in Mexico between January 21, 2025, and January 31, 2025, *id.* Ex. D.

Plaintiff opposed the Renewed Motion arguing that substitute service on Defendant Yildrim was appropriate and sufficiently executed.  Specifically, Plaintiff argues that Defendant was served by leaving service at Defendant Yildrim's usual place of abode as allowed by Florida law and Federal Rule of Civil Procedure 4.

## II.  DISCUSSION

### 1.    Renewed Motion to Quash Service of Process.

An individual or entity "is not obliged to engage in litigation unless officially notified of the action under a court's authority, by formal process." *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 925 (11th Cir. 2003) (citation modified); *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990) ("Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served.").  And, although the Federal Rules of Civil Procedure do not explicitly provide for a motion to quash, a court may quash service or dismiss a complaint under Rule 12(b)(5). *Hollander v. Wolf*, No. 09-CV-80587, 2009 WL 3336012, *2 (S.D. Fla. Oct. 14, 2009); Wright & Miller, *Federal Practice and Procedure* § 1353 (4th ed. 2024) (noting a "12(b)(5) motion is the

proper vehicle for challenging the mode of delivery, the lack of delivery, or the timeliness of delivery of the summons and complaint").

To challenge service of process, the defendant must raise the defense of insufficient service of process and "describe with specificity how the service of process failed to meet the procedural requirements of Federal Rule of Civil Procedure 4" in the answer or a pre-answer motion. *Hollander*, 2009 WL 3336012, at *2; *cf. Pardazi*, 896 F.2d at 1317.   Once the defendant has done so, "the plaintiff bears the burden of proving adequate service of process." *Fly Brazil Grp., Inc. v. The Gov't of Gabon, Afr.*, 709 F. Supp. 2d 1274, 1279 (S.D. Fla. 2010).   Generally, a signed and executed return of service is *prima facie* evidence of proper service. *Hollander*, 2009 WL 3336012, at *3.   If there is a *prima facie* showing of proper service, "the burden shifts back to the defendant to bring strong and convincing evidence of insufficient process." *Id.*   The Court may look to affidavits and other testimony from either party to resolve disputed questions of facts related to the 12(b)(5) motion. *Id.*   But "any conflict in the parties' affidavits or pleadings should be resolved in favor of the plaintiff." *Kammona v. Onteco Corp.*, 587 F. App'x 575, 578 (11th Cir. 2014) (citation modified).

The requirements for service under Federal Rule of Civil Procedure 4 are to be liberally construed. *Sanderford v. Prudential Ins. Co. of Am.*, 902 F.2d 897, 900 (11th Cir. 1990).   Thus, a court may still have jurisdiction despite imperfect service of process. *Drill South, Inc. v. Int'l Fidelity Ins. Co.*, 234 F.3d 1232, 1238 (11th Cir. 2000).   However, service must still be made in "substantial compliance" with Rule 4. *Sanderford*, 902 F.2d at 900.   But "[a] defendant's actual notice is not sufficient to cure defectively executed service of process." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

According to Rule 4(e), an individual may be served either (1) pursuant to the law of the state in which the district court is located or in which service is made, or (2) by delivering a copy

of the summons and complaint to the individual personally, or leaving copies at that individual's place of abode with some person of suitable age and discretion residing at that residence or to an authorized agent. Florida law allows for service of process "by delivering a copy of it to the person to be served . . . or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents." Fla. Stat. § 48.031(1)(a). A party's usual place of abode is "the place where the defendant is actually living at the time of service." *Martin v. Salvatierra*, 233 F.R.D. 630, 631 (S.D. Fla. 2005); *Pizarro v. Vida Café, LLC*, 10-22112-Civ, 2012 WL 12964494, *3 (S.D. Fla. May 10, 2012).

Here, Defendant Yildrim argues that service of process was insufficient because service was neither made upon him nor upon someone residing at his usual place of abode. However, the executed summons indicates that service was made upon Defendant Yildrim's mother at the Service Address. *See* DE 16 Ex. 1, ¶ 4. Additionally, Plaintiff had sufficient reason to believe that Defendant Yildrim resided at the Service Address after conducting a public records search. Accordingly, Plaintiff's returned, signed, and executed summons establishes a *prima facie* showing of proper service. DE 12.

Thus, Defendant Yildrim has the burden to prove with strong and convincing evidence that the service of process was insufficient. In an attempt to overcome the burden, Defendant Yildrim declared in his Renewed Motion that, at the time of service, he was residing in Tulum, Mexico, and that he "does not maintain a permanent residence and primarily resides internationally utilizing temporary accommodations." DE 16 at 2. The other evidence produced supports Defendant Yildrim's contention that he was not at the Service Address when it was served. In particular, Defendant Yildrim's bank statements and Mexican visa stamp, DE 16, Ex. 1, Ex. A, Ex B., suggest that he was in Mexico at the time that Mr. Miller purported to have served him. Thus, Mr. Miller could not have "personally serv[ed] [Defendant] by handing the following documents to an

individual identified as Segah Yildrim" as he claims to have done on January 28, 2025. DE 12 at 5.

However, that is all the evidence supports—that Defendant Yildrim was not at the Service Address when service was made. It does not establish that he was not served by leaving service at his usual place of abode. The only evidence offered against that proposition is Defendant Yildrim's Declaration which alleges that "[t]he location where service was attempted was not [his] residence," DE 16 Ex. 1, ¶ 7, and the Renewed Motion's contention that "Defendant does not maintain a permanent residence and primarily resides internationally, utilizing temporary accommodations," DE 16, 2. These statements alone cannot satisfy Defendant Yildrim's burden of strong and convincing proof. *See Kammona v. Onteco Corp.*, 587 F. App'x 575, 578–79 (11th Cir. 2014) (reversing district court's decision to quash service where only defendant's declaration stated that he did not reside at the service address). This is especially true, here, where the Court must "construe reasonable inferences and resolve conflicts in the plaintiff's favor." *Id.* at 579.

Simply put, Plaintiff identified Defendant Yildrim's address through a public records search and had service made at that address as his usual place of abode. Such service shifted the burden of proof to Defendant to show that it was not his usual place of abode. But, because Defendant did not provide strong and convincing proof, but for his own averments, he has not overcome that burden. To that end, the Renewed Motion to Quash is **DENIED**.

**2.      Defendant's Motion for Judicial Notice and Motion to Dismiss.**

Shortly after filing his Renewed Motion to Quash, Defendant Yildrim filed a Motion for Judicial Notice in connection with his Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). However, under Rule 12(h)(2), if a Rule 12(b)(6) motion is not presented in the first responsive pleading, it can be raised either "(A) in any pleading allowed or ordered under Rule 7(a); (B) by a motion under Rule 12(c); or (C) at trial." Here, that means Defendant Yildrim's

Rule 12(b)(6) motion can be made, for example, in his answer to the complaint. *See Fed. R. Civ. P.* 7(a)(2). Alternatively, the motion may be brought through a motion for judgment on the pleadings under Rule 12(c). However, the motion as filed is procedurally defective. And even though Defendant Yildrim is proceeding *pro se*, he must still comply with the applicable procedural rules. *Galloway v. GA Tech. Auth.*, 182 Fed. App'x 877, 883 (11th Cir. 2006). This includes the Southern District of Florida's Local Rules and the Federal Rules of Civil Procedure. To that end, the Motion for Judicial Notice and Motion to Dismiss are **DENIED**.

**3.     Plaintiff's Motion for Default Judgment Against USMPO LLC.**

Plaintiff moved for default judgment against Defendant USMPO LLC on April 22, 2024. However, the case remains active against Defendant Yildrim. Accordingly, the motion is **DENIED**. Plaintiff may renew its motion for default judgment after (i) the case is resolved against Defendant Yildrim or (ii) the Court (or Clerk) enters a default against Defendant Yildrim.

***

Based on the foregoing, it is **ORDERED AND ADJUDGED** that:

1.     Defendant Yildrim's Renewed Motion to Quash Service of Process [DE 16] is **DENIED**.

2.     Defendant Yildrim's Motion for Judicial Notice [DE 23] and his Motion to Dismiss [DE 24] are **DENIED**.

3.     Defendant Yildrim shall file an answer to the Complaint [DE 1] **by no later than August 15, 2025**.

4.     Plaintiff's Motion for Default Judgment against Defendant USMPO LLC [DE 22] is **DENIED**.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 25th day of July, 2025.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE